# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JARRETT M. JAMES,** | : | No. 3:15cv1931 |
| Petitioner | : | |
| v. | : | (Judge Munley) |
| | : | |
| **WARDEN MAIORANA,** | : | (Magistrate Judge Carlson) |
| Respondent | : | |

## **MEMORANDUM**

Before the court for disposition is Chief Magistrate Judge Martin C. Carlson's report and recommendation (hereinafter "R&R") recommending dismissal of the instant petition for a writ of habeas corpus or transfer of the petition to the Western District of Wisconsin. Petitioner Jarrett James (hereinafter "Petitioner") has filed objections to the R&R and the matter is ripe for disposition.

**Background**

Petitioner is a federal inmate incarcerated at the United States Penitentiary - Canaan, in Waymart, Pennsylvania, serving a 504 month sentence imposed by the United States District Court for the Western District of Wisconsin. (Doc. 1, Section 2241 Petition, ¶¶ 1,3, 6). A jury convicted him on September 10, 2008, of armed bank robbery and brandishing a firearm in the course thereof. (Id. ¶ 4). He appealed the conviction to the United States Court of Appeals for the Seventh Judicial

Circuit. (Id. ¶ 9(e)(1)). The court denied his appeal. (Id. ¶ 9(e)(2)).

Petitioner also filed a post-conviction motion pursuant to 28 U.S.C. § 2255 in the trial court. (Id. ¶ 11). After holding an evidentiary hearing, the court denied his motion. (Id.)

Subsequently, petitioner filed, in this court, the instant habeas corpus petition pursuant to 28 U.S.C. § 2241. He challenges the manner in which the sentencing court used 18 U.S.C. § 924(c) regarding brandishing a weapon. (Doc. 1-2, Attachment to Pet.). The Clerk of Court assigned the petition to Chief Magistrate Judge Carlson for the issuance of an R&R. The R&R recommends that we either dismiss the petition without prejudice or transfer it to the Western District of Wisconsin as a petition under 28 U.S.C. § 2255 or to Seventh Circuit Court of Appeals as a second and successive petition under § 2255. (Doc. 3, R&R at 14-15). The petitioner filed objections to the R&R, and the matter is ripe for disposition.

**Standard or review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir.

1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Jurisdiction**

This court is granted jurisdiction to issue writs of habeas corpus by 28 U.S.C. § 2241. ("Writs of habeas corpus may be granted by . . . the district courts[.]").

**Discussion**

The law provides that when we receive a habeas corpus petition, we "must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, [we] must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (applicable to section 2241 petitions under Rule 1(b)); Smith v. U.S.,161 F. App'x 210, 211 (3d Cir. 2006). It plainly appears from petitioner's filings that he is not entitled to relief; therefore, we will dismiss the petition.

Someone, who like petitioner, challenges the legality of a federal conviction or sentence as allegedly in violation of the Constitution may generally do so by filing a motion under 28 U.S.C. § 2255. Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."). A section 2255 motion must be filed with the sentencing court. Here, petitioner has brought a section 2241 petition, rather than a section 2255 motion. Moreover, he filed the petition in the Middle District of Pennsylvania, but he was sentenced in the Western District of Wisconsin. Thus, he has filed the wrong type of motion in the wrong court for the challenge he seeks to make.

The proper motion for petitioner to file is a motion under section 2255. A section 2241 petition is not an additional, alternative or supplemental remedy to section 2255. A petition that improperly challenges a federal conviction or sentence under section 2241 must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). The only exception to this rule is when a section 2255 motion would be "inadequate or ineffective" for the petitioner. Cradle

v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Petitioner presents no argument that a section 2255 motion would be inadequate or ineffective.

The R&R recommends dismissal of the petition or transfer of the petition. We conclude that dismissal is appropriate. If defendant seeks to challenges his conviction or sentence as being a violation of the federal constitution, he should do so by filing a section 2255 motion in the district where he was sentenced.[1]

**Conclusion**

After a careful review, we will deny petitioner's objection to the R&R, and dismiss the instant petition for a writ of habeas corpus. An appropriate order follows.

**Date : November 19, 2015**          **s/ James M. Munley**
                                       **JUDGE JAMES M. MUNLEY**
                                       **United States District Court**

---

[1] In fact, petitioner lodges no objection regarding dismissal or transfer of this action. The petitioner's objection addresses the merits of his substantive arguments. The R&R does discuss these issues, but as we are dismissing the case for other reasons, we will not address the merits.